UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

Plaintiff,

v.

JAMES E. WIERZBICKI,
ERIN K. WIERZBICKI,
ERIC J. WIERZBICKI and
EDMUND C. WIERZBICKI,

Defendants.

Case No. **09 CR-278**
[18 U.S.C. § 371 and 42 U.S.C. § 408(a)(4).]

---

## INDICTMENT

---

### COUNT ONE
(18 U.S.C. § 371)

**THE GRAND JURY CHARGES**:

1.      During the period from approximately May 1994 through approximately December 2004, the exact dates being unknown to the grand jury, in the State and Eastern District of Wisconsin, and elsewhere,

**JAMES E. WIERZBICKI,
ERIN K. WIERZBICKI,
ERIC J. WIERZBICKI and
EDMUND C. WIERZBICKI,**

knowingly conspired with each other, and with others known and unknown to the grand jury, to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful Government functions of the Internal Revenue Service ("IRS") of the U.S. Treasury

Department in the ascertainment, computation, assessment, and collection of the revenue, namely federal payroll taxes for employees of businesses owned and operated by the defendants.

2.  At all times relevant:

   a.  Defendant James E. Wierzbicki resided at 6801 22nd Avenue, Kenosha, Wisconsin and was the father of defendants Erin Wierzbicki, Eric Wierzbicki and Edmund Wierzbicki.

   b.  Defendant Erin K. Wierzbicki resided at 6801 22nd Avenue, Kenosha, Wisconsin and 3142 94th Place, Pleasant Prairie, Wisconsin.

   c.  Defendant Eric J. Wierzbicki resided at 6801 22nd Avenue, Kenosha, Wisconsin and 3020 94th Place, Pleasant Prairie, Wisconsin.

   d.  Defendant Edmund C. Wierzbicki resided at 6801 22nd Avenue, Kenosha, Wisconsin, 3020 94th Place, Pleasant Prairie, Wisconsin, and 3142 94th Place, Pleasant Prairie, Wisconsin.

   e.  Southport Remodeling and Construction, Inc. ("Southport Remodeling") was primarily engaged in the business of commercial painting and dry walling and employed numerous individuals to perform this work. Southport Remodeling had its principal place of business located at 6801 22nd Avenue, Kenosha, Wisconsin and, according to documents filed with the State of Wisconsin, Eric Wierzbicki was the president and treasurer of the business.

   f.  SRC Painting, LLC ("SRC Painting") was primarily engaged in the business of commercial painting and dry walling and employed numerous individuals to perform this work. SRC Painting, which was formed in December 2000,

2

had its principal place of business located at 3020 94th Place, Pleasant Prairie, Wisconsin. According to documents filed with the State of Wisconsin, an individual with the initials "A.K." was the registered agent for the business.

g.  PBN, LLC ("PBN") was primarily engaged in the business of commercial painting and employed numerous individuals to perform this work. PBN, which was formed in May 2003, used a post office box for its mailing address and had its principal place of business located at 3020 94th Place, Pleasant Prairie, Wisconsin. According to documents filed with the State of Wisconsin, an individual with the initials "S.M." was the registered agent for the business.

h.  Liquid Systems, LLC ("Liquid Systems") was primarily engaged in the business of commercial painting and employed numerous individuals to perform this work. Edmund Wierzbicki identified himself as the president and owner of Liquid Systems, which was formed in March 2004.

3.  During the period from May 1994 through approximately December 2004, defendants James E. Wierzbicki, Erin K. Wierzbicki, Eric J. Wierzbicki and Edmund Wierzbicki (collectively the "Wierzbickis") owned and operated a commercial painting and dry wall business using various business names, including Southport Remodeling, SRC Painting, PBN and Liquid Systems.

4.  Under federal law, employers such as Southport Remodeling, SRC Painting, PBN, and Liquid Systems, are required to collect payroll taxes, which include federal income taxes, Social Security taxes, and Medicare taxes, from the wages paid to its employees and to pay over these taxes

3

to the United States through the Internal Revenue Service (IRS). This is commonly referred to as the "trust fund" portion of payroll taxes.

5.     An employer is also required to pay payroll taxes to the IRS in an amount equal to the employees' Social Security and Medicare taxes. This is commonly referred to as the "matching portion" of payroll taxes.

6.     Federal law further requires employers to file with the IRS quarterly tax returns (Forms 941) reporting the total wages paid to its employees during the quarter and the corresponding payroll taxes due and owing to the United States. These quarterly returns must be filed by the last day of the month following the end of the quarter in question.

7.     As the owners and operators of Southport Remodeling, SRC Painting, PBN, and Liquid Systems, the Wierzbickis were responsible for collecting, accounting for, and paying over to the IRS the federal income taxes, Social Security taxes, and Medicare taxes withheld from the wages paid to the employees of their businesses, as well as paying over the employer's matching portion of those payroll taxes.

8.     The defendants were also responsible for filing with the IRS the associated quarterly payroll tax returns for Southport Remodeling, SRC Painting, PBN and Liquid Systems.

9.     During the period from May 1994 though at least November 30, 2003, the Wierzbickis paid wages to the employees of their businesses from which they were required to withhold federal payroll taxes and pay over these taxes to the IRS.

10.    Despite paying wages to the employees of their businesses, and withholding payroll taxes from these wages, the defendants failed to pay over to the IRS more than $400,000 in payroll

4

taxes, consisting of both the payroll taxes withheld from employees' wages and the employer's matching portion of those payroll taxes.

## Manner and means of conspiracy

11.     The defendants used the following manner and means, among others, to accomplish the goals of their conspiracy:

a.     The defendants failed to file payroll tax returns (Forms 941) with the IRS reporting the wages paid to the employees of their businesses and the payroll taxes associated with these wages.

b.     The defendants filed false and inaccurate payroll tax returns with the IRS under reporting the wages paid to the employees of their businesses and the payroll taxes associated with these wages.

c.     The defendants filed payroll tax returns with the IRS falsely indicating the amount of payroll taxes that had been deposited with the IRS by their businesses.

d.     The defendants paid wages to employees of their businesses in cash and failed to withhold or otherwise account for the payroll taxes associated with these cash payments.

e.     To conceal their ownership and control of their businesses, the defendants recruited individuals to act as nominee owners of their businesses.

f.     The defendants accumulated substantial payroll tax obligations on behalf of one of their businesses and then abandoned the business and transferred the operations to another business.

5

g.  The defendants deposited business receipts into their personal bank accounts and transferred funds between their personal accounts and business accounts.

h.  The defendants withdrew funds in cash from business bank accounts and made false entries in the books and records of their businesses to conceal the true nature and purpose of these withdrawals.

i.  The defendants used business funds to pay for personal expenses and made false entries in the books and records of their businesses to conceal the true nature and purpose of these payments.

j.  The defendants maintained false, inaccurate and incomplete business records concerning the wages paid to employees of their businesses.

k.  The defendants made inflated payments to employees of their businesses and then used the excess portion of these payments to make cash payments to themselves and other employees of the businesses.

l.  The defendants titled assets in the name of one defendant to conceal the ownership and control of the assets by the other defendants.

m.  The defendants titled assets in the name of relatives and other third parties to conceal the true ownership and control of such assets.

n.  The defendants used business funds to make fraudulent payments to themselves and other family members purportedly for business expenses such as rent. These funds were then used to pay the defendants' personal expenses.

Case 2:09-cr-00278-CNC   Filed 11/03/09   Page 6 of 9   Document 1

o.    The defendants forged the signature of other individuals on business checks and other documents to conceal their involvement in and control over the businesses.

**Acts in furtherance of the conspiracy**

12.    The defendants, and others acting on their behalf and at their direction, performed the following acts to accomplish the goals of the conspiracy:

a.    The defendants filed false payroll tax returns (Forms 941) with the IRS on behalf of Southport Remodeling, SRC Painting and PBN.

b.    The defendants formed SRC Painting and recruited A.K. to act as the nominee owner of the business.

c.    The defendants abandoned Southport Remodeling and transferred the business operation to SRC Painting.

d.    The defendants formed PBN and recruited S.M. to act as the nominee owner of the business.

e.    The defendants abandoned SRC Painting and transferred the business operation to PBN.

f.    The defendants opened a post office box to use as the mailing address for PBN.

g.    The defendants abandoned PBN and transferred the business operation to Liquid Systems.

Case 2:09-cr-00278-CNC   Filed 11/03/09   Page 7 of 9   Document 1

h.      The defendants paid wages to employees of their businesses in cash and failed to withhold and otherwise account for the payroll taxes associated with such wages.

i.      The defendants deposited payments received for work done by their businesses to their personal bank accounts.

j.      The defendants deposited payments received for work done by one of their businesses to bank accounts maintained in the name of a successor business.

k.      The defendants transferred funds belonging to one of their businesses to a successor business.

All in violation of Title 18, United States Code, Section 371.

8

(42 U.S.C. § 408(a)(4))

**THE GRAND JURY FURTHER CHARGES**:

13.     During the period from approximately December 1995 through approximately September 2008, in the State and Eastern District of Wisconsin,

**JAMES E. WIERZBICKI,**

the defendant herein, who was then receiving Social Security Disability Insurance ("SSDI") benefits, having knowledge of the occurrence of an event effecting his continued eligibility for SSDI benefits, concealed and failed to disclose to the Social Security Administration ("SSA") such event with an intent fraudulently to secure continued payment of SSDI benefits when he was not entitled to such payments.

14.     Specifically, the defendant concealed and failed to disclose to SSA that he was engaged in substantial gainful activity through his involvement in the operation of- commercial painting and dry wall businesses, including Southport Remodeling, SRC Painting, PBN and Liquid Systems.

15.     As a result of the defendant's concealment and failure to disclose this information to SSA, he fraudulently received more than $190,000 in SSDI benefits to which he was not entitled.

All in violation Title 42, United States Code, Section 408(a)(4).

A TRUE BILL:

_____
FOREPERSON

Dated: _Nov 3. 2009_

_____
MICHELLE L. JACOBS
United States Attorney